come liable based on estoppel. *Allen*, 591 S.W.2d at 725.

We hold that the developer's claim for a contract and recoupment violates section 432.070 which requires a written contract supported by future consideration. Since sewer district's point one is dispositive, we need not address point two.

The judgment of the trial court is reversed.

CRANDALL, J., concurs.

JAMES R. DOWD, J., concurs.

and the record on appeal and find no error of law. An extended opinion reciting the detailed facts and restating the principles of law would serve no precedential or jurisprudential value.

The judgment is affirmed in accordance with Rule 84.16(b).

**COMMERCE BANK, a national banking association, Plaintiff/Appellant,**

v.

**Francis B. STEIN, III, a/k/a Bernard F. Stein, III, a/k/a Benney Stein, and First State Bank and Trust Company, Inc., and Addco, Inc., Defendants/Respondents.**

**No. ED 77058.**

Missouri Court of Appeals,
Eastern District,
Southern Division.

Nov. 21, 2000.

**Harold W. DAVIS, Respondent,**

v.

**Steve A. AZAR, Appellate.**

**No. ED 77036.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 21, 2000.

Fred Roth, Clayton, for appellant.

Ryan S. Shaughnessy, Clayton, for respondent.

Before CLIFFORD H. AHRENS, P.J., WILLIAM H. CRANDALL, J., and JAMES R. DOWD, J.

### ORDER

PER CURIAM.

Steve A. Azar appeals from a judgment in favor of Harold Davis in the amount of $3,953.00 for failure to return personal property. We have examined the briefs

Stephen R. Southard, Law firm of Spradling & Spradling, Cape Girardeau, MO, for Appellant.

Francis B. Stein, Poplar Bluff, pro se.

Rice Petree Burns Jr., Sikeston, for Respondent First Bank.

Robert B. Fuchs, Sikeston, for Respondent ADDCO, Inc.

Before HOFF, C.J., SULLIVAN, J., and DRAPER, J.